# UNITED STATES DISTRICT COURT
for the
Northern District of New York

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>INFORMATION ASSOCIATED WITH ACCOUNT ASSOCIATED WITH EMAIL ADDRESSES ALEXISF1407@GMAIL.COM AND ALEXISF1402@GMAIL.COM T THAT ARE STORED AT PREMISES CONTROLLED BY GOOGLE, INC. | )<br>)<br>)   Case No. 5:18-mj-4 (ATB)<br>)<br>)<br>) |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
INFORMATION ASSOCIATED WITH ACCOUNT ASSOCIATED WITH EMAIL ADDRESSES ALEXISF1407@GMAIL.COM AND ALEXISF1402@GMAIL.COM, THAT ARE STORED AT PREMISES CONTROLLED BY GOOGLE, INC, AS FURTHER DESCRIBED IN ATTACHMENT A.

located in the ____Northern____ District of ____California____ , there is now concealed *(identify the person or describe the property to be seized)*:
See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. Section 2252A | Distribution, Receipt and Possession of Child Pornography |

The application is based on these facts:
See Attached Affidavit

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*/s/ Heather Weber*
*Applicant's signature*

Heather Weber, Special Agent FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: Jan. 4, 2018

*/s/ Andrew T. Baxter*
*Judge's signature*

City and state: Syracuse, New York

Hon. Andrew T. Baxter, U.S. Magistrate Judge
*Printed name and title*

## ATTACHMENT A

### Property to Be Searched

This warrant applies to information associated with email addresses alexisfl407@gmail.com and alexisfl402@gmail.com that are stored at premises owned, maintained, controlled, or operated by Google, Inc., an e-mail provider headquartered at 1600 Amphitheatre Parkway, Mountain View, California 94043.

(including Android, Gmail, Google Calendar, Google Chrome Sync, Google Drive, Google Hangouts, Google Payments, Google Photos, Google Services, Google+, Has Google Profile, Has Plusone, Web & App Activity, and YouTube)

  e. All records pertaining to communications between the Provider and any person regarding the account, including contacts with support services and records of actions taken.

## II. Information to be seized by the government

All information described above in Section I that constitutes fruits, evidence and instrumentalities of violations of 18 U.S.C. §§ 2252A(a)(2)(A) (distribution and receipt of child pornography) and 2252A(a)(5)(B) (possession of child pornography), for each account listed in Attachment A including information pertaining to the following matters:

  (a) Subscriber information, such as name, email address, zip code and other personal/biographical information;

  (b) Account access information, master and sub account names, user profiles, friends lists, instant messages, grief reports, account creation information, associated IP information for each account use, screen shots of account activity, email transaction information;

  (c) Information relating to transportation, distribution, receipt, and possession of image and movie files that contain child pornography, as that term is defined in 18 U.S.C. § 2256;

  (d) Stored image and video files of any minor engaged in sexually explicit conduct as defined in Title 18, U.S.C. § 2256;

## **ATTACHMENT B**

### **Items to be seized**

**I.     Information to be disclosed by Google, Inc.**

To the extent that the information described in Attachment A is within the possession, custody, or control of Google, Inc, including any messages, records, files, logs, or information that have been deleted but are still available to Google, Inc, or have been preserved pursuant to a request made under 18 U.S.C. § 2703(f), on **October 25, 2017**, Google, Inc. is required to disclose the following information to the government for the account or identifier listed in Attachment A:

    a.     The contents of all e-mails associated with the account, including stored or preserved copies of e-mails sent to and from the account, draft e-mails, the source and destination addresses associated with each e-mail, the date and time at which each e-mail was sent, and the size and length of each e-mail;

    b.     All records or other information regarding the identification of the account, to include full name, physical address, telephone numbers and other identifiers, records of session times and durations, the date on which the account was created, the length of service, the IP address used to register the account, login IP addresses associated with session times and dates, account status, alternative e-mail addresses provided during registration, methods of connecting, log files, and means and source of payment (including any credit or bank account number);

    c.     The types of service utilized;

    d.     All records or other information stored at any time by an individual using the account, including address books, contact and buddy lists, calendar data, pictures and files

(e) Any information pertinent to identifying any minor or minors portrayed in any image or video found within the accounts, including any correspondence or other communication with said minors;

(f) Any record of an attempt to commit the listed offenses (18 U.S.C. § 2252A(a)(2)(A) and 2252A(a)(5)(B)) including any correspondence soliciting or otherwise discussing sexually explicit material;

(g) Any images or videos of minors, such as child erotica, that evidence a sexual interest in children and/or an attempt to produce, receive, or possess child pornography;

(h) The identity of the person(s) who created or used the accounts listed in Attachment A;

(i) The identity of any person(s) who communicated with the user accounts listed in Attachment A about matters relating to the possession, receipt and distribution of child pornography, as defined in 18 U.S.C. § 2252A.

### III. Method of delivery

Google, Inc. shall disclose responsive data, if any, for accounts associated with the email addresses: alexisfl407@gmail.com and alexisfl402@gmail.com by sending said response to Assistant United States Attorney Geoffrey J. L. Brown, Office of the United States Attorney, 100 South Clinton Street, 9th Floor, Syracuse, New York 13261 by using the U.S. Postal Service or another courier service, notwithstanding 18 U.S.C. 2252A or similar statute or code.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE THE SEARCH OF: ) <br> INFORMATION ASSOCIATED WITH ) <br> EMAIL ADDRESSES ) <br> **ALEXISF1407@GMAIL.COM** AND ) <br> **ALEXISF1402@GMAIL.COM** ) <br> STORED AT PREMISES ) <br> CONTROLLED BY GOOGLE, INC. ) <br> _____ ) | Case No. _____ |

## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

I, Heather Weber, being first duly sworn on oath, deposes and states:

### INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent employed by the United States Department of Justice, Federal Bureau of Investigation (FBI), and as such I am an "investigative or law enforcement officer" of the United States who is empowered by law to conduct investigations and to make arrests for offenses enumerated in Title 18, United States Code, Chapter 63. I have been a Special Agent with the FBI since September of 2014. I am currently assigned to the FBI's Albany Division where I investigate all federal criminal violations. I have participated in multiple investigations of persons suspected of violating federal child pornography laws, including Title 18, United States Code, Sections 2251, 2252 and 2252A. I have received training in the area of child sexual exploitation and have had the opportunity to observe and review numerous examples of child pornography in all forms of media including computer media. I have also received training regarding the use of computer technology to conduct criminal activity, to include online file-sharing services and peer-to-peer networks.

2. I make this affidavit in support of an application for a search warrant for information associated with the accounts alexisf1407@gmail.com and alexisf1402@gmail.com (the "**TARGET ACCOUNTS**") that are stored at a premises owned, maintained, controlled, or operated by Google, Inc., an e-mail provider headquartered at 1600 Amphitheatre Parkway, Mountain View, California 94043. The information to be searched is described in the following paragraphs and in Attachment A. This affidavit is made in support of an application for a search warrant under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A) to require Google, Inc. to disclose, to the government, records and other information in its possession pertaining to the subscriber or customer associated with the accounts, including the contents of communications.

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other law enforcement agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4. Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of 18 U.S.C. §§ 2252A(a)(2) (distribution and receipt of child pornography) and 2252A(a)(5)(B) (possession of child pornography), have been committed by Gregory Gauthier. There is also probable cause to search the accounts associated with Gauthier that are described in Attachment A for evidence and/or instrumentalities of the crimes, as described in Attachment B.

## BACKGROUND CONCERNING GOOGLE, INC. AND GMAIL

5.     The **TARGET EMAIL ACCOUNTS** are email accounts that are hosted by Google, Inc. (hereinafter, the "email provider"). In my training and experience, I have learned that the email provider provides a variety of on-line services, including email access, to the general public. The email provider allows subscribers to obtain email accounts at the domain name *gmail.com*, like the email account listed in Attachment A. Subscribers obtain an account by registering with the email provider. During the registration process, the email provider asks subscribers to provide basic personal information. Therefore, the computers of the email provider are likely to contain stored electronic communications (including retrieved and unretrieved email for the email provider's subscribers) and information concerning subscribers and their use of the email provider's services, such as account access information, the email transaction information, and account application information. In my training and experience, such information may constitute evidence of the crimes under investigation because the information can be used to identify the account's user or users.

6.     In general, an email that is sent to the email provider's subscriber is stored in the subscriber's "mail box" on the email provider's servers until the subscriber deletes the email. If the subscriber does not delete the message, the message can remain on the email provider's servers indefinitely. Even if the subscriber deletes the email, it may continue to be available on the email provider's servers for a certain period of time.

7.     When the subscriber sends an email, it is initiated at the user's computer,

transferred via the Internet to the email provider's servers, and then transmitted to its end destination. The email provider often saves a copy of the email sent. Unless the sender of the email specifically deletes the email from the email provider's server, the email can remain on the system indefinitely. Even if the subscriber deletes the email, it may continue to be available on the email provider's servers for a certain period of time.

8. A sent or received email typically includes at least the content of the message, source and destination addresses, the date and time at which the email was sent, and the size and length of the email. If an email user writes a draft message but does not send it, that message may also be saved by the email provider but may not include all of these categories of data.

9. A subscriber of the email provider can also store files, including emails, address books, contact or buddy lists, calendar data, pictures (other than pictures attached to emails), and other files, on servers maintained and/or owned by the email provider. In my training and experience, evidence of who was using an email account may be found in address books, contact or buddy lists, email in the account, and attachments to emails, including pictures and files.

10. In my experience, subscribers of the email provider do not routinely copy emails stored in their accounts in order to store the emails on a home computer or other location, although it is possible to do so. This is particularly true when they access their accounts through the web, or if they do not wish to maintain particular emails or files in their residence.

11. In my training and experience, email providers like Google generally ask each of their subscribers to provide certain personal identifying information when registering for an email account. This information can include the subscriber's full name, physical address,

telephone numbers and other identifiers, alternative email addresses, and, for paying subscribers, means and source of payment (including any credit or bank account number). In my training and experience, such information may constitute evidence of the crimes under investigation because the information can be used to identify the account's user or users. Based on my training and my experience, I know that, even if subscribers insert false information to conceal their identity, this information often provides clues to their identity, location, or illicit activities.

12.   In my training and experience, email providers typically retain certain transactional information about the creation and use of each account on their systems. This information can include the date on which the account was created, the length of service, records of log-in (*i.e.*, session) times and durations, the types of service utilized, the status of the account (including whether the account is inactive or closed), the methods used to connect to the account (such as logging into the account via the email provider's website), and other log files that reflect usage of the account. In addition, email providers often have records of the Internet Protocol address ("IP address") used to register the account and the IP addresses associated with particular logins to the account. Because every device that connects to the Internet must use an IP address, IP address information can help to identify which computers or other devices were used to access the email account.

13.   In my training and experience, in some cases, email account users will communicate directly with an email service provider about issues relating to the account, such as technical problems, billing inquiries, or complaints from other users. Email providers typically retain records about such communications, including records of contacts between the user and

the provider's support services, as well records of any actions taken by the provider or user as a result of the communications. In my training and experience, such information may constitute evidence of the crimes under investigation because the information can be used to identify the account's user or users.

14. As explained herein, information stored in connection with an email account may provide crucial evidence of the "who, what, why, when, where, and how" of the criminal conduct under investigation, thus enabling the United States to establish and prove each element or alternatively, to exclude the innocent from further suspicion. In my training and experience, the information stored in connection with an email account can indicate who has used or controlled the account. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence. For example, email communications, contacts lists, and images sent (and the data associated with the foregoing, such as date and time) may indicate who used or controlled the account at a relevant time. Further, information maintained by the email provider can show how and when the account was accessed or used. For example, as described below, email providers typically log the IP addresses from which users access the email account, along with the time and date of that access. By determining the physical location associated with the logged IP addresses, investigators can understand the chronological and geographic context of the email account access and use relating to the crime under investigation. This geographic and timeline information may tend to either inculpate or exculpate the account owner. Additionally, information stored at the user's account may further indicate the geographic location of the account user at a particular time (*e.g.*,

location information integrated into an image or video sent via email). Last, stored electronic data may provide relevant insight into the email account owner's state of mind as it relates to the offense under investigation. For example, information in the email account may indicate the owner's motive and intent to commit a crime (*e.g.*, communications relating to the crime), or consciousness of guilt (*e.g.*, deleting communications in an effort to conceal them from law enforcement).

## PROBABLE CAUSE

15.     On September 25, 2017, the Oneida County Child Advocacy Center received a walk-in complaint about a 9 year-old girl being sexually abused on September 16, 2017, by Gregory Gauthier.  The victim was interviewed by an Oneida County Sheriff's Office Investigator on September 27, 2017, and stated that while she and her mother were visiting his house Gauthier rubbed her breasts and vagina, digitally penetrated her and forced her to perform oral sex on him.  The victim further stated that when Gauthier finished sexually assaulting her he told her to go into his bathroom and take pictures of herself naked with his cellular telephone.

16.     Gauthier is a level 2 New York State Registered Sex Offender.  He was convicted May 1, 2014 of Promoting a Sexual Performance by a Child less than 17 years of age and Possessing a Sexual Performance by a Child less than 16 years old.  As a result of these convictions, he is on parole and prohibited from having any unsupervised contact with anyone under the age of 18 and possessing a computer or cellular telephone that can access the internet.

17.     The victim's Mother was also interviewed on September 27, 2017, and confirmed that Gauthier had been alone with her daughter on September 16, 2017, and that her daughter had

complained about being sexually assaulted by him. She also stated that Gauthier possessed a smart phone that he hid from his parole officer at his apartment and used to view child pornography. According to the victim's mother, she has seen child pornography on that smart phone.

18. On September 27, 2017, an Oneida County Judge issued a search warrant authorizing law enforcement officials to search Gauthier, his apartment and his cellular telephone for among other things images and videos depicting child pornography. On that same date the search warrant was executed and a black LG ZTE Citrine Model Z717VL internet capable cellular telephone was recovered from Gauthier's apartment.

19. Gauthier was interviewed by a law enforcement official on September 27, 2017, and in a sworn written statement admitted to sexually assaulting the 9 year old victim mentioned above. Gauthier also admitted that he owned an internet capable cellular telephone that he uses to download and share child pornography. In addition, Gauthier informed law enforcement officials that he uses an e-mail address of **alexisfl407@gmail.com**.

20. Gauthier was arrested on September 27, 2017, and charged with Criminal Sexual Act in the First Degree in violation of New York Penal Law Section 130.50 subdivision 3 a Class B felony.

21. A forensic review of Gauthier's LG ZTE Citrine Model Z717VL cellular telephone revealed numerous images and videos depicting child pornography. A brief description of some of those is as follows:

a. File name: *098a9daacc552bfa0e4081f47a5980* – This video is approximately 1 minute in length and was accessed on the phone on 09/24/2017. The video depicts a naked pre-pubescent female that appears to be approximately 6 years of age. The child is sitting naked between the legs of a naked adult male with his erect penis exposed. The naked child places the naked adult male penis on her face and utilizes both her hands to rub the naked male's penis. The video also shows the child's vagina, as well as her naked chest.

b. File name: *66f23327845d4936db252ac3b574f098b6b2e7b4* – This video is approximately 48 seconds in length and was accessed on the phone on 09/24/2017. The video depicts a naked pre-pubescent female with stockings on both her legs that appears to be approximately 6 years of age. The child is sitting naked in a chair with her legs spread apart exposing her naked vagina. There is a naked adult male standing next to her with his naked erect penis exposed. She is performing oral sex on the erect penis of the male. The video focuses on the naked child's mouth and the naked adult male ejaculates in the naked child's mouth.

c. File name: 6e4a55cb-9944-43b7-a9c7-d0e8e31e6720.mp4. This video is approximately 1 minute 59 seconds in length and was accessed on the phone on 09/10/2017. The video depicts a naked female infant. The naked infant is sitting on a bed and is in visible distress as a naked adult female wearing a mask on her face to conceal her identity is lying next to the infant with her legs spread around the infant. The naked adult female then places the infants hand into her naked adult vagina. The naked adult female then lays the naked infant on her back and spreads the infant's legs exposing her vagina and touches the infant's vagina with

her fingers. The adult female also slaps the infant's vagina and bottom. The video ends with the naked adult female utilizing a pink towel to wipe the tears from the infant's face.

      d.      File name: *df38b4fe-720c-4ab4-8173-9db90e8820cc.mp4*– This video is approximately 1 minute 58 seconds in length and depicts an 8-9 year old pre-pubescent girl being vaginally penetrated by an adult male penis.

22. Forensic analysis of Gauthier's LG ZTE Citrine Model Z717VL cellular telephone also revealed that Gauthier uses a Google account **alexisfl407@gmail.com** and used this account to create a Dropbox storage account. In addition forensic analysis showed that a Kick account associated with **alexisfl407@gmail.com** was used to transmit an image of child pornography.

23. Forensic analysis of Gauthier's LG ZTE Citrine Model Z717VL cellular telephone also revealed that Gauthier created a Google account **alexisfl402@gmail.com** and used this account to create a pCloud storage account.

24. The Oneida County Sheriff's Office issued a preservation request to Google, Inc. for the **TARGET ACCOUNTS** on October 25, 2017.

## INFORMATION TO BE SEARCHED AND THINGS TO BE SEIZED

25. I anticipate executing this warrant under the Electronic Communications Privacy Act, in particular 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A), by using the warrant to require Google to disclose to the government copies of the records and other information (including the content of communications) particularly described in Section I of Attachment B. Upon receipt of the information described in Section I of Attachment B, government-authorized

persons will review that information to locate the items described in Section II of Attachment B.

## CONCLUSION

26. Based on the aforementioned factual information, your affiant respectfully requests that the Court issue the proposed Warrant to search the **TARGET ACCOUNTS** on Google, Inc. as further described in Attachment A, and seize the items described in Attachment B.

27. This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711. 18 U.S.C. §§ 2703(a), (b)(1)(A) & (c)(1)(A). Specifically, the Court is "a district court of the United States . . . that—has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

28. Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant.

*Heather Weber*
Heather Weber
Special Agent
Federal Bureau of Investigation

Sworn to me
This 4th day of January, 2018

*Andrew T. Baxter*
Hon. Andrew T. Baxter
United States Magistrate Judge

## ATTACHMENT A

### Property to Be Searched

This warrant applies to information associated with email addresses alexisf1407@gmail.com and alexisf1402@gmail.com that are stored at premises owned, maintained, controlled, or operated by Google, Inc., an e-mail provider headquartered at 1600 Amphitheatre Parkway, Mountain View, California 94043.

## ATTACHMENT B

### Items to be seized

I. **Information to be disclosed by Google, Inc.**

To the extent that the information described in Attachment A is within the possession, custody, or control of Google, Inc, including any messages, records, files, logs, or information that have been deleted but are still available to Google, Inc, or have been preserved pursuant to a request made under 18 U.S.C. § 2703(f), on **October 25, 2017**, Google, Inc. is required to disclose the following information to the government for the account or identifier listed in Attachment A:

a. The contents of all e-mails associated with the account, including stored or preserved copies of e-mails sent to and from the account, draft e-mails, the source and destination addresses associated with each e-mail, the date and time at which each e-mail was sent, and the size and length of each e-mail;

b. All records or other information regarding the identification of the account, to include full name, physical address, telephone numbers and other identifiers, records of session times and durations, the date on which the account was created, the length of service, the IP address used to register the account, login IP addresses associated with session times and dates, account status, alternative e-mail addresses provided during registration, methods of connecting, log files, and means and source of payment (including any credit or bank account number);

c. The types of service utilized;

d. All records or other information stored at any time by an individual using the account, including address books, contact and buddy lists, calendar data, pictures and files

(including Android, Gmail, Google Calendar, Google Chrome Sync, Google Drive, Google Hangouts, Google Payments, Google Photos, Google Services, Google+, Has Google Profile, Has Plusone, Web & App Activity, and YouTube)

  e. All records pertaining to communications between the Provider and any person regarding the account, including contacts with support services and records of actions taken.

## II. Information to be seized by the government

All information described above in Section I that constitutes fruits, evidence and instrumentalities of violations of 18 U.S.C. §§ 2252A(a)(2)(A) (distribution and receipt of child pornography) and 2252A(a)(5)(B) (possession of child pornography), for each account listed in Attachment A including information pertaining to the following matters:

  (a) Subscriber information, such as name, email address, zip code and other personal/biographical information;

  (b) Account access information, master and sub account names, user profiles, friends lists, instant messages, grief reports, account creation information, associated IP information for each account use, screen shots of account activity, email transaction information;

  (c) Information relating to transportation, distribution, receipt, and possession of image and movie files that contain child pornography, as that term is defined in 18 U.S.C. § 2256;

  (d) Stored image and video files of any minor engaged in sexually explicit conduct as defined in Title 18, U.S.C. § 2256;

(e) Any information pertinent to identifying any minor or minors portrayed in any image or video found within the accounts, including any correspondence or other communication with said minors;

(f) Any record of an attempt to commit the listed offenses (18 U.S.C. § 2252A(a)(2)(A) and 2252A(a)(5)(B)) including any correspondence soliciting or otherwise discussing sexually explicit material;

(g) Any images or videos of minors, such as child erotica, that evidence a sexual interest in children and/or an attempt to produce, receive, or possess child pornography;

(h) The identity of the person(s) who created or used the accounts listed in Attachment A;

(i) The identity of any person(s) who communicated with the user accounts listed in Attachment A about matters relating to the possession, receipt and distribution of child pornography, as defined in 18 U.S.C. § 2252A.

### III. Method of delivery

Google, Inc. shall disclose responsive data, if any, for accounts associated with the email addresses: alexisfl407@gmail.com and alexisfl402@gmail.com by sending said response to Assistant United States Attorney Geoffrey J. L. Brown, Office of the United States Attorney, 100 South Clinton Street, 9th Floor, Syracuse, New York 13261 by using the U.S. Postal Service or another courier service, notwithstanding 18 U.S.C. 2252A or similar statute or code.